# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-4157
Lower Tribunal No. 2022-DR-002424

_____

WILLIAM THOMAS FICKA, III,

Appellant/Cross-Appellee,

v.

KARLA LYNN BROWN, f/k/a KARLA LYNN FICKA,

Appellee/Cross-Appellant.

_____

Appeal from the Circuit Court for Orange County.
Eric H. DuBois, Judge.

March 27, 2026

MIZE, J.

In this dissolution of marriage case, both parties appeal the trial court's final judgment of dissolution. Each party argues that the trial court committed a number of errors, but we find only one. Appellee/Cross-Appellant Karla Lynn Brown argues that the trial court's valuation of the parties' marital furniture was not supported by competent, substantial evidence. *See Reese v. Reese*, 363 So. 3d 1202, 1208 (Fla. 6th DCA 2023) ("[T]he valuation of an asset must be based on competent, substantial evidence." (citing § 61.075(3), Fla. Stat. (2018))). Having reviewed the record, we agree with her. Therefore, we reverse the portion of the

final judgment pertaining to the valuation of the marital furniture, and remand with instructions to adjust the equitable distribution of the parties' marital estate accordingly. On remand, the trial court may determine whether it requires an additional evidentiary hearing to comply with this opinion. In all other respects, the final judgment is affirmed.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

NARDELLA and WOZNIAK, JJ., concur.

Nikie Popovich, of Popovich Law Firm, P.A., Orlando, for Appellant/Cross-Appellee.

Christian D. Smed, of Christian D. Smed, P.A., Winter Park, for Appellee/Cross-Appellant.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED